1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANDREW CAMERON BAILEY**
**CONSTANCE BAXTER MARLOW**
153 Western Avenue
Glendale, CA 91201

Phone: (928) 451-2043
Email: andrew@cameronbaxter.net

**Defendants in pro per**

# ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

MAY - 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA   "fee Paid"

N/S

National Association

U.S. BANK ~~NA~~ AS TRUSTEE,

Plaintiff,

vs.

**ANDREW CAMERON BAILEY**
**CONSTANCE BAXTER MARLOW** and
~~DOES 1-5,~~      Defendants.

**CV11-3770 -GW(Ex)**

Case No: _____

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441**

**Removal of California Superior
Court Case No. 11C04038**

TO:  THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL
INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendants Constance Baxter Marlow and
Andrew Cameron Bailey, (hereinafter "removing defendants") who are California
residents, hereby remove Los Angeles County Superior Court Case No. 11C04038
to the United States District Court for the Central District, Los Angeles Division.

1
NOTICE OF REMOVAL

ORIGINAL

PAID

MAY 2 2011

Clerk, U.S. District Court

1

2     1.     On or about March 9, 2011, an action was commenced in the

3  Superior Court of the State of California in and for the County of Los Angeles,

4  entitled U.S.BANK NATIONAL ASSOCIATION, AS TRUSTEE, "Plaintiff" vs.

5  ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW AND

6  DOES 1 – 5, "Defendants", as Case No. 11C04038.  A true and correct copy of

7  the Complaint is attached hereto as Exhibit "A".

8

9     2.     The first date upon which removing defendants Constance Baxter

10  Marlow and Andrew Cameron Bailey received a copy of said Complaint and the

11  Summons in the action was on or about March 14, 2011.  A true and correct copy

12  of the Summons that accompanied the Complaint is attached hereto as Exhibit

13  "B".

14

15     3.     On or about March 18, 2011, removing defendants filed an answer to

16  the complaint; a true and correct copy of the answer is attached hereto as Exhibit

17  "C".

18

19     4.     On or about April 12, 2011, removing defendants filed a Demurrer to

20  the Complaint; a true and correct copy is attached hereto as Exhibit "D".

21

22     5.     On or about April 25, 2011, plaintiffs filed an Opposition to the

23  Demurrer to the Complaint; a true and correct copy is attached hereto as Exhibit

24  "E".

25

26     6.     Removing defendants are the trustors under a deed of trust secured by

27  the property that is the subject of plaintiff's complaint 153 Western Avenue,

28  Glendale, California (the "Property") with the beneficiary being WELLS FARGO

2

BANK, NA and/or US BANK, NATIONAL ASSOCIATION AS TRUSTEE
FOR WFMBS, MORTGAGE ASSET-BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-AR2.

7.     On or about April 15, 2011, removing defendants filed in the United
States District Court, Central District of California, Case No. CV11-3227 GW
(CWx) Complaint to Quiet Title to Real Property and for Injunctive Relief.
Additional causes of action exist and may be asserted for Fraud, TILA and
RESPA violations, Wrongful Foreclosure, *inter alia*.

8.     Once a case number has been assigned to the removed case,
removing defendants will move this Court to consolidate the two cases, which
address the same issues. Resolution of the quiet title action will necessarily
determine right of possession.

9.     Removing defendants allege that Title is in question as a result of
violations of federal law and New York Trust law, *inter alia*.

10.     Moreover, removing defendants respectfully submit to this Court that
U.S. BANK NA AS TRUSTEE FOR WFMBS 2006-AR2 through its counsel of
record filed the underlying complaint without providing evidence that it can meet
the prima facie requirements necessary to establish its standing or real party in
interest status to bring its complaint. Plaintiff failed to provide any evidence that
defendants' loan is in the WFMBS 2006-AR2 Trust, and did not provide a properly
endorsed and "duly perfected" promissory note and properly certified and "duly
perfected" deed of trust, thus rendering its non-judicial foreclosure sale and or
purchase of Defendants' home and the resulting trustee's deed upon sale void as a

1  matter of law.

2

3      11.    Removing defendants' allegations in the pending Federal Court

4  Complaint are primarily premised upon the true dispute as to ownership of the

5  subject Property.

6

7      12.    This Court has original jurisdiction of this civil action pursuant to 28

8  U.S.C. § 1331, and hence this action may be removed to this Court by removing

9  defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff's

10  allegations and claims appear to arise under the following federal statutes: 28

11  U.S.C. § 1446; violation of RESPA 12 U.S.C. § 2605, violation of Truth in

12  Lending Act 15 U.S.C. § 1601 et. seq., violation of Fair Debt Collection Practices

13  Act 15, U.S.C. §§ 1692 et. seq., rescission pursuant to TILA 15 U.S.C. § 1635(a)

14  and Regulation Z § 226.23(a)(3).

15

16      13.    Pursuant to 28 U.S.C. §1445(a), removing defendants filed this

17  Notice of Removal in the District Court of the United States for the District and

18  Division within which the State Court action is pending.

19

20      14.    Pursuant to 28 U.S.C, § 1446(a) hereby attached as Exhibits A-E, are

21  true and correct copies of all pleadings filed with the state court that are in

22  possession of the removing defendants.

23

24      15.    Pursuant to 28 U.S.C. § 1446(d), removing defendants will promptly

25  give written notice of the removal to all adverse parties and will file a copy of the

26  notice with the clerk of the Los Angeles County Superior Court.

27

28

NOTICE OF REMOVAL

16.     Removing defendants reserve the right to supplement this Notice of Removal when additional information becomes available. Removing defendants further reserve all rights including, but not limited to, defenses and objections as to venue, personal jurisdiction and service. The filing of this Notice of Removal is subject to and without waiver of any such defense or objection.

WHEREFORE, removing defendants hereby remove Los Angeles County Superior Court Case No.11CO4038 to the United States District Court for the Central Division of California.

DATED:  April 30, 2011

_____
**Andrew Cameron Bailey, Defendant in Pro Per**

_____
**Constance Baxter Marlow, Defendant in Pro Per**

Copy of the foregoing mailed on April 30, 2011 to:

TFLG a Law Firm,
Noah M. Bean, Esq.
Eric G. Fernandez, Esq.
Laurie Howell, Esq.
2121 2nd Street, Suite C-105
Davis, CA 95618

Attorneys for Plaintiff U.S. BANK NA AS TRUSTEE FOR WFMBS 2006-AR2

**ORIGINAL FILED**

MAR 0 9 2011

**LOS ANGELES SUPERIOR COURT**

1  TFLG A LAW CORPORATION
   NOAH M. BEAN (SBN: 257657)
2  ERIC G. FERNANDEZ, ESQ. (SBN: 269684)
   LAURIE HOWELL, ESQ. (SBN: 098785)
3  2121 2ND STREET, SUITE C-105
   DAVIS, CALIFORNIA 95618
4  TELEPHONE: (530) 750-3700
   FACSIMILE: (530) 750-3366
5
6  Attorney for Plaintiff
   U.S. BANK NATIONAL
7  ASSOCIATION, AS TRUSTEE

8            SUPERIOR COURT OF CALIFORNIA
9               COUNTY OF LOS ANGELES
10               GLENDALE COURTHOUSE
11                LIMITED CIVIL CASE

12  U.S. BANK NATIONAL ASSOCIATION,  )  Case No.        11 C 0 4 0 3 8
    AS TRUSTEE,                      )
13                                   )
         Plaintiff,                  )
14                                   )  **VERIFIED COMPLAINT FOR
    v.                               )  UNLAWFUL DETAINER**
15                                   )
    ANDREW CAMERON BAILEY,           )  ACTION BASED ON CCP § 1161a
16  CONSTANCE BAXTER MARLOW, and     )
    DOES 1-5,                        )  AMOUNT DEMANDED DOES NOT
17                                   )  EXCEED $10,000
         Defendants.                 )
18                                   )
19  _____)

**BY FAX**

20        Plaintiff alleges:

21        1.      Plaintiff is a Delaware corporation having its principal offices in the City of

22  Minneapolis, State of Minnesota, and is and was at all times mentioned herein qualified to do

23  business in California.

24        2.      The real property, possession of which is sought in this action, is situated in

25  Los Angeles County, California, in the above-named judicial district, and is commonly described

26  as: 153 Western Avenue, Glendale, California 91201.  Assessor's Parcel Number 5626-005-004

27  ("the Property").

28        3.      The true names and capacities of Does 1 through 5, inclusive, are presently

                                   1
           VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

                    Exhibit A

1 | unknown to plaintiff, who therefore sues such defendants under such fictitious names pursuant to

2 | Section 474 of the California Code of Civil procedure. Plaintiff is informed and believes, and on

3 | such information and belief alleges, that each such "Doe" defendant is in possession of the Property,

4 | without the permission or consent of plaintiff, and plaintiff will amend this complaint to state the

5 | true names and capacities of said defendants when the same have been ascertained.

6 |        4.    On August 24, 2010, the Property was sold to plaintiff in accordance with

7 | Civil Code Sections 2923.5 and 2924 *et seq.* under a power of sale contained in a Deed of Trust

8 | dated November 16, 2005, executed by ANDREW CAMERON BAILEY and CONSTANCE

9 | BAXTER MARLOW, as trustor(s). Plaintiff's title pursuant to the sale has been duly perfected and

10 | a Trustee's Deed conveying title to plaintiff has been duly recorded in the county where the Property

11 | is situated. A copy of said Trustee's Deed is attached hereto, marked as Exhibit "A", and

12 | incorporated herein by this reference.

13 |        5.    Plaintiff is the owner of, and entitled to immediate possession of the property.

14 |        6.    On December 6, 2010, in the manner provided by law, plaintiff caused to be

15 | served on defendant a written notice requiring defendants to vacate and deliver up possession of the

16 | Property to plaintiff within 90 days after service of said notice. A copy of said Notice is attached

17 | hereto, marked as Exhibit "B", and made a part hereof. The Notice was served in the manner

18 | provided by law and as more particularly described in the attached Proof of Service, marked as

19 | Exhibit "C", which is incorporated herein by this reference.

20 |        7.    More than 90 days have elapsed since the service of said Notice, but

21 | defendants have failed and refused to deliver up possession of the Property.

22 |        8.    Defendants continue in possession of the Property without plaintiff's

23 | permission or consent.

24 |        9.    The reasonable value for the use and occupancy of the Property is the sum of

25 | $60.00 per day, and damages to plaintiff caused by defendants' unlawful detention thereof have

26 | accrued at said rate since March 7, 2011, and will continue to accrue at said rate so long as

27 | defendants remain in possession of the Property.

28 |        10.    Pursuant to California Evidence Code Section 453, Plaintiff states that at the

2

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

1   time of trial it will request judicial notice be taken of certified copy of the recorded document

2   referred to in paragraph 4 hereof and all proofs of service then on file herein.

3       WHEREFORE, plaintiff prays judgment against defendants as follows:

4          1.   For restitution and possession of the Property;

5          2.   For damages in the amount of $60.00 per day from March 7, 2011, and for

6          each day that defendants continue in possession of the Property through the

7          date of entry of judgment; and

8          3.   For costs and for such other and further relief as the court may deem just and

9          proper.

10

11                             TFLG, A Law Corporation

12

13   Dated: March 8, 2011             By:
                         Noah M. Bean (SBN: 257657)

14                            Eric G. Fernandez, ESQ (SBN: 269684)
                         Laurie Howell, ESQ (SBN: 098785)

15                            U.S. BANK NATIONAL ASSOCIATION,
                         AS TRUSTEE

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

## VERIFICATION

1      I, the undersigned, declare:

2      I have read the foregoing Verified Complaint For Unlawful Detainer and know its contents.

3      I am the attorney or one of the attorneys for U.S. BANK NATIONAL ASSOCIATION, AS

4      TRUSTEE, a party to this action. Such is absent from the county where I or such attorneys have

5      their offices and is unable to verify the document described above. For that reason, I am making this

6      verification for and on behalf of that party. I am informed and believe and on that basis allege that

7      the matters stated in said document are true and correct.

8      I declare under penalty of perjury under the laws of the State of California that the foregoing

9      is true and correct.

10      Executed this 8th day of March, 2011, at Davis, California.

By: _____
Laurie Howell, Attorney at Law

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

Recording Requested By
First American Trustee Servicing Solutions, LLC f/k/a
First American LoanStar Trustee Services, LLC
6 Campus Circle, 2nd Floor
Westlake TX
76262



Mail Tax Statements To :
Wells Fargo Home Mortgage
3476 Stateview Blvd
Fort Mill SC
29715

| | |
|---|---|
| APN Number : | 5626-005-004 |
| Title Order Number : | 3945036 |
| TS Number : | 20089070810770 |
| Loan Type : | Conventional |

## TRUSTEES DEED UPON SALE

The undersigned grantor declares under penalty of perjury

1) The grantee herein WAS the foreclosing Beneficiary
2) The amount of the unpaid debt together with costs was.......... $ 560,730.67
3) The amount paid by the Grantee at the trustee sale was.......... $ 550,000.00
4) The documentary transfer tax is ..................................... $ 0 - Exempt

5) Said property is INCORPORATED / ~~UNINCORPORATED~~  ~~GLENDALE~~

First American Trustee Servicing Solutions, LLC f/k/a First American LoanStar Trustee Services, LLC , (herein
called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and
convey, but without warranty, expressed or implied to :

US Bank National Association, as Trustee for WFMBS 2006-AR2

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Los
Angeles in the State of California, described as follows :

See Exhibit A attached hereto and made a part hereof.

Recitals :
This conveyance is made pursuant to the powers conferred upon the Trustee by that certain Deed of Trust dated
11/16/2005 and executed by ,

ANDREW CAMERON BAILEY and CONSTANCE BAXTER MARLOW



RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY **I.S.**

Page 2 of 4

APN Number :            5626-005-004
Title Order Number :    3945036
TS Number :             20089070810770
Loan Type :             Conventional

As Trustor, and recorded 12/02/2005 , as Instrument Number 05 2946072 , in Book , Page , of Official Records of the County of Los Angeles in the State of California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the County Recorder of said County.

All requirements of law and the applicable Deed of Trust including, but not limited to those enumerated by Civil Code 2924, et. seq., regarding the mailing, publication, personal delivery and posting of the Notice of Default and Notice of Sale, as respectively appropriate, have been met.

Said property was sold by said Trustee at public auction on 08/24/2010 at the place named in the Notice of Sale, in the County of Los Angeles in the State of California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said Trustee the amount of $550,000.00 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligation then secured by said Deed of Trust

Trustees Deed Upon Sale

Date : _____*S/34/10*_____

First American Trustee Servicing Solutions, LLC
Formerly First American LoanStar Trustee Services, LLC

By : _____

DeeAnn Gregory, Trustee Officer

State of Texas
County of Tarrant

*Notary public*

Before me Therese Pfullmann , on this day personally appeared DeeAnn Gregory,
known to me to be the person whose name is subscribed to therefore going instrument
and acknowledged to me that this person executed the same for the purposes and
considerations therein expressed.                *S/24/10*

Given under my hand and seal of office this day of _____

Witness my hand and official seal

Signature : _____

THERESE PFULLMANN
Notary Public, State of Texas
My Commission Expires
January 06, 2012

5

APN Number : 5626-005-004
Title Order Number : 3945036
TS Number : 20089070810770
Loan Type : Conventional

## Exhibit A

### Legal Description

LOT 4, BLOCK 6 TRACT NO 10116, IN THE CITY OF GLENDALE, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 143 PAGES 98
AND 99 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

## NOTICE TO ANY RENTERS LIVING AT
### [CCP § 1161c(b)]

### 153  WESTERN AVENUE, GLENDALE, CA 91201

The attached notice means that your home was recently sold in foreclosure and the new owner seeks to obtain possession of the property by filing an unlawful detainer action in order to lawfully evict you from the premises.

In order to understand your rights you should contact an attorney IMMEDIATELY. Please be advised that you may receive court papers in a few days.  If your name is on the papers it may hurt your credit if you do not respond and/or voluntarily vacate the property.

If you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have.  In some cases, you can respond without hurting your credit.  Again please consult an attorney about these issues.

Please be advised, you may have the right to stay in your home for 60 or 90 days, or longer, regardless of any deadlines stated on any attached papers.  In some cases, and in some cities with a "just cause for eviction law," you may not have to move at all.  But you must take the proper legal steps in order to protect your rights.

### HOW TO GET LEGAL HELP

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program.  You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association

# Exhibit B

## NOTICE TO OCCUPANT(S) TO VACATE PREMISES

### Located At:

### 153 WESTERN AVENUE
### GLENDALE, CA 91201

### TO ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW AND ALL PERSONS WHO ARE IN THE POSSESSION OF AND OCCUPY THE REAL PROPERTY AT THE ABOVE ADDRESS:

**YOU ARE HEREBY NOTIFIED** that your right to occupy the real property at the above address has been terminated as the result of the sale of said property by the Trustee under a power of sale contained in a Deed of Trust which appeared of record against said property.

You are required to quit and deliver up possession of the above real property to the undersigned, as agent for the owner, within the notice period specified below. In the event you fail to do so you will be deemed to be unlawfully detaining the premises, which will result in commencement of court proceedings against you by the owner to recover possession of the premises, together with court costs and the reasonable rental value of the property for each day of your continued occupancy thereof.

### NOTICE

To avoid a lawsuit and the associated expense, it is necessary for you to vacate the above property within THREE (3) Days after service upon you of this Notice, unless (1) you obtained possession of the property as a "tenant or subtenant" under a "lease or rental agreement" as those terms are used in California Code of Civil Procedure section 1161b, in which event it will be necessary for you to vacate the premises within SIXTY (60) DAYS after service upon you of this Notice; or (2) you obtained possession of the property as a "bona fide tenant" under a "bona fide lease" as those terms are used in the Protecting Tenants at Foreclosure Act of 2009 (PTFA), in which event it will be necessary for you to vacate the premises within NINETY (90) days after service upon you of this Notice; however, in order to further assess your rights under the PTFA, please provide a copy of your bona fide lease and/or other proof of bona fide tenancy within 10 CALENDAR DAYS; or (3) you obtained possession of the property as a Section 8 tenant, in which event it will be necessary for you to vacate the premises within NINETY (90) days after service upon you of this Notice. Please provide our office with a copy of your lease or proof of tenancy.

You must contact the undersigned by telephone within **72 HOURS** in the event you occupy the property as a tenant or subtenant, and be able to provide proof of tenancy or subtenancy.

This Notice is authorized pursuant to the provisions of Section 1161a(b)(3) of the California Code of Civil Procedure.

DATED: 12/6/2010

Authorized Agent For Owner:
THE ENDRES LAW FIRM

By: _____
Attorney at Law
(530) 601-5166

CaseID 118815

## PROOF OF SERVICE

I, the undersigned, declare that I served the Notice(s) below indicated:
Notice to Occupant(s) to Vacate Premises; Notice to Any Renters Pursuant to Ccp1161c(b)

The above described Notice(s) were served on the following named parties in the manner set forth below:

NAME:     ANDREW CAMERON BAILEY
ADDRESS:  153 WESTERN AVENUE, GLENDALE, CA 91201

[  ] 1. PERSONAL SERVICE

By delivering a copy of the Notice(s) to each of the above personally:
(1) on:
(2) at:

[ X ] 2. CONSTRUCTIVE SERVICE

After attempting to personally serve said Notice(s) on each of the above named parties on 12/6/2010 at 6:02 PM, and having been unable, by service as authorized by C.C.P. Section 1162 (2,3) in the manner set forth below:

[ X ] By posting a copy for each of the above named parties on 12/6/2010 at 6:02 PM in a conspicuous place on the property;

[ X ] and thereafter mailing a copy to each said party by depositing said copies in the United States mail on (date): December 6th, 2010, from (city): GLENDALE, CA, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated or,

[  ] a declaration of mailing is attached.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

Person who served papers
a. Name:                Humberto Palacio
b. Address:             201 South Figueroa Street, Suite 100, LOS ANGELES, CA 90012
c. Telephone number:    213-621-9999
d. The fee for service was:  $89.50
e. I am:
   (1) [  ] not a registered California process server.
   (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [ X ] registered California process server:
       (i) [  ] owner [  ] employee [ X ] independent contractor
       (ii) [ X ] Registration No.:        2627
       (iii) [ X ] County:                  Los Angeles

[ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
[  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 12/7/2010

_____
Humberto Palacio
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

## PROOF OF SERVICE

Page 1 of 1

Order No. 6616436 SEA FIL

# Exhibit C

## PROOF OF SERVICE

I, the undersigned, declare that I served the Notice(s) below indicated:

**Notice to Occupant(s) to Vacate Premises; Notice to Any Renters Pursuant to Ccp1161c( b)**

The above described Notice(s) were served on the following named parties in the manner set forth below:

NAME:     **CONSTANCE BAXTER MARLOW**

ADDRESS:   **153 WESTERN AVENUE, GLENDALE, CA 91201**

[  ] 1. PERSONAL SERVICE                By delivering a copy of the Notice(s) to each of the above personally:

(1) on:

(2) at:

[ X ] 2. CONSTRUCTIVE SERVICE           After attempting to personally serve said Notice(s) on each of the above named parties on 12/6/2010 at 6:02 PM, and having been unable, by service as authorized by C.C.P. Section 1162 (2,3) in the manner set forth below:

[ X ] By posting a copy for each of the above named parties on 12/6/2010 at 6:02 PM in a conspicuous place on the property;

[ X ] and thereafter mailing a copy to each said party by depositing said copies in the United States mail on (date): **December 6th, 2010**, from (city): **GLENDALE, CA**, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated or,

[  ] a declaration of mailing is attached.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

**Person who served papers**

a. Name:              **Humberto Palacio**

b. Address:           **201 South Figueroa Street, Suite 100, LOS ANGELES, CA 90012**

c. Telephone number:  **213-621-9999**

d. The fee for service was:   **$**

e. I am:

(1) [  ] not a registered California process server.

(2) [  ] exempt from registration under Business and Professions Code section 22350(b).

(3) [ X ] registered California process server:

(i) [  ] owner  [  ] employee  [ X ] independent contractor

(ii) [ X ] Registration No.:      **2627**

(iii) [ X ] County:               **Los Angeles**

[ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

[  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  **12/7/2010**

_____**Humberto Palacio**_____                    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                          (SIGNATURE)

**PROOF OF SERVICE**                                          Page 1 of 1

Order No. 6616436 SEA FIL

## PROOF OF SERVICE

I, the undersigned, declare that I served the Notice(s) below indicated:
**Notice to Occupant(s) to Vacate Premises; Notice to Any Renters Pursuant to Ccp1161c(b)**

The above described Notice(s) were served on the following named parties in the manner set forth below:

NAME: **ALL PERSONS IN POSSESSION, C/O ANDREW CAMERON BAILEY**

ADDRESS: **153 WESTERN AVENUE, GLENDALE, CA 91201**

[ ] 1. PERSONAL SERVICE
By delivering a copy of the Notice(s) to each of the above personally:
(1) on:
(2) at:

[X] 2. CONSTRUCTIVE SERVICE
After attempting to personally serve said Notice(s) on each of the above named parties on **12/6/2010 at 6:02 PM**, and having been unable, by service as authorized by C.C.P. Section 1162 (2,3) in the manner set forth below:

[X] By posting a copy for each of the above named parties on **12/6/2010 at 6:02 PM** in a conspicuous place on the property;

[X] and thereafter mailing a copy to each said party by depositing said copies in the United States mail on (date): **December 6th, 2010**, from (city): **GLENDALE, CA**, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated or,

[ ] a declaration of mailing is attached.

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the foregoing is true and correct.

**Person who served papers**
a. Name: **Humberto Palacio**
b. Address: **201 South Figueroa Street, Suite 100, LOS ANGELES, CA 90012**
c. Telephone number: **213-621-9999**
d. The fee for service was: **$**
e. I am:
   (1) [ ] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [X] registered California process server:

      (i) [ ] owner [ ] employee [X] independent contractor
      (ii) [X] Registration No.: **2627**
      (iii) [X] County: **Los Angeles**

[X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

[ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **12/7/2010**

**Humberto Palacio**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**PROOF OF SERVICE**

Page 1 of 1

Order No. 6616436 SEA FIL



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>TFLG A LAW CORPORATION<br>NOAH M. BEAN (SBN: 257657)<br>ERIC G. FERNANDEZ, ESQ. (SBN: 269684)<br>LAURIE HOWELL, ESQ. (SBN: 098785)<br>2121 2ND STREET, SUITE C105   DAVIS, CA  95618<br>TELEPHONE NO.: (530)750-3700   FAX NO.: (530)750-3344 | FOR COURT USE ONLY |
|---|---|

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 600 EAST BROADWAY
MAILING ADDRESS: SAME
CITY AND ZIP CODE: GLENDALE, CA  91206
BRANCH NAME: GLENDALE COURTHOUSE   LIMITED CIVIL CASE

**ORIGINAL FILED**

MAR 0 9 2011

**LOS ANGELES SUPERIOR COURT**

BY FAX

CASE NAME: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE v. ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW, and DOES 1-5

| CIVIL CASE COVER SHEET<br>☐ Unlimited   ☒ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **1 C 0 4 0 3 8**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): ONE
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: MARCH 8, 2011

LAURIE HOWELL, ESQ
[TYPE OR PRINT NAME]                          ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE: U.S. BANK v. BAILEY, et al. | CASE NUMBER |
|---|---|
| | 11 C 0 4 0 3 8 |

**ORIGINAL FILED**

MAR 0 9 2011

**LOS ANGELES SUPERIOR COURT**

CIVIL CASE COVER SHEET ADDENDUM AND
STATEMENT OF LOCATION
(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO
COURTHOUSE LOCATION)

BY FAX

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? ☐YES CLASS ACTION? ☐YES LIMITED CASE? ☐YES TIME ESTIMATED FOR TRIAL 1/4 ■HOURS ☐DAYS.

Item II.  Select the correct district and courthouse location (4 steps - if you checked "Limited Case", skip to Item III, Pg. 4):
Step 1 After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the
left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.
Step 2 Check one Superior Court type of action in Column B below which best describes the nature of this case.
Step 3 In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0

**Applicable Reason for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Inj/Prop.Damage)
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4 Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Dam./Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other PI/PD/WD Tort**<br>**Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestosis - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice<br>(45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 6

| SHORT TITLE: U.S. BANK v. BAILEY, et al. | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |
| | Prof. Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage Tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of contract/Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not Em. Domain, landlord/tenant, foreclosure) | 2., 6. |

LACIV 109 (Rev. 01/07)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0  
Page 2 of 6

| SHORT TITLE: U.S. BANK v. BAILEY, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ■ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., ⑥. |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>Award (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |
| | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Oth. Jud Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Enforcement of Judgment** | Antitrust/Trade Reg.<br>(03) | ☐ A5003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect<br>(10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation<br>(28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Ins coverage Claims<br>from Complex Case<br>(41) | ☐ A6014  Insurance coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| | Enforcement of<br>Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 6

| SHORT TITLE: U.S. BANK v. BAILEY, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Misc. Civ. Cmplts | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Misc. Civil Petitions | Partnership/Corp. Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | |

**Item III. Statement of Location:** Enter the address of the accident, party residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1.☐2.☐3.☐4.☐5.■6.☐7.☐8.☐9.☐10. | ADDRESS: 153 WESTERN AVENUE |
|---|---|
| CITY: GLENDALE     STATE: CA     ZIP CODE: 91201 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___GLENDALE___ courthouse in the __NORTH CENTRAL__ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c), and (d)).

Dated: ___March 8, 2011___

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioners a minor under 18 years of age, or if required by Court.

---

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: U.S. BANK v. BAILEY, et al. | CASE NUMBER |
|---|---|
| | |

7. Additional copies of documents to be conformed by the Clerk, Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 5 of 5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*      TELEPHONE NO.: | FOR COURT USE ONLY |

ATTORNEY FOR *(Name):*

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 EAST BROADWAY
MAILING ADDRESS: SAME
CITY AND ZIP CODE: GLENDALE, CA 91206
BRANCH NAME: GLENDALE COURTHOUSE    LIMITED CIVIL CASE

PLAINTIFF: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

DEFENDANT: ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW, and DOES 1-5

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| | *(To be completed by the process server)* DATE OF SERVICE: |

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.
3. You still occupy the premises.

*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):* [_____] , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing of $ _____ or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**    Legal Solutions Plus | Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25 |

| PLAINTIFF *(Name)*: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW, and DOES 1-5 | |

### NOTICE: If you fail to file this claim, you will be evicted without further hearing.

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

### WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date:

· · · · · · · · · · · · · ·   (TYPE OR PRINT NAME)   ▶ _____
   (SIGNATURE OF CLAIMANT)

### NOTICE: If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

### - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE if all the following are true:**
   1. You are NOT named in the accompanying Summons and Complaint.
   2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed. *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. You still occupy the premises.

*(Where to file this form)* You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)* If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

CP10.5 [New January 1, 1991]     **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**     Page two

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | **ORIGINAL FILED** |
|---|---|
| COURTHOUSE ADDRESS: GLENDALE SUPERIOR COURT<br>600 E. BROADWAY, GLENDALE, CA 91206 | MAR 0 9 2011 |
| PLAINTIFF: | **LOS ANGELES** |
| DEFENDANT: | **SUPERIOR COURT**<br>CASE NUMBER<br>11 C 0 4 0 3 8 |

## NOTICE OF ORDER TO SHOW CAUSE-LIMITED-UNLAWFUL DETAINER

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

Plaintiff (s) in the within action is/are ordered to appear at the time and place noted herein and is further ordered to show cause, if any you may have, why the within action should not be dismissed for failure to effect a final disposition of the action within the time standards established by the Judicial Administration Standards § 2.1(i).

If any of the following occurs before said date, it is further ordered that no appearance is necessary and the OSC is ordered discharged without further order of the Court:

Filing of a Memorandum to Set Case for Trial; Filing of Demurrer, Motion to Strike or Motion to Quash by Defendant; Dismissal of Action; Filing of Declaration for Default Judgment by Court.

| Date of Appearance: APR 2 0 2011 | Time: 8:30 AM | Department: 003 |
|---|---|---|

Dated: MAR 0 9 2011

John P. Doyle, Judge

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the case herein, and that on this date I served the Notice of Order to Show Cause-limited-Unlawful Detainer upon Plaintiff(s) in the Above case:

( ) By depositing in the United States mail at the courthouse in _____. California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

( ) By personally giving the party notice upon filing the complaint.

MAR 0 9 2011

John A. Clarke, Executive Officer/Clerk

C. LUNA

Dated: _____

by: _____
Deputy Clerk

### NOTICE OF ORDER TO SHOW CAUSE-LIMITED-UNLAWFUL DETAINER
7/15/2010 fs

**SUM-130**

## SUMMONS
### (CITATION JUDICIAL)
### UNLAWFUL DETAINER – EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE – DESALOJO)

| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|
| **ORIGINAL FILED**<br><br>MAR 0 9 2011<br><br>**LOS ANGELES<br>SUPERIOR COURT** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* ANDREW CAMERON BAILEY, CONSTANCE BAXTER
MARLOW, and DOES 1-5
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last days falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| CASE NUMBER:<br>(Número del caso): | 1 1 C 0 4 0 3 8 |
|---|---|

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
   600 EAST BROADWAY
   GLENDALE, CA 91206
   GLENDALE COURTHOUSE   LIMITED CIVIL CASE

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   TFLG A LAW CORPORATION                              (530) 750-3700
   NOAH M. BEAN (SBN: 257657)                          (530) 750-3344
   ERIC G. FERNANDEZ, ESQ. (SBN: 269684)
   LAURIE HOWELL, ESQ. (SBN: 098785)
   2121 2ND STREET, SUITE C-105, DAVIS, CALIFORNIA 95618

3. *(Must be Answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§6400-6415) ☒ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

| Date:<br>*(Fecha)* | MAR 0 9 2011 | JOHN A. CLARKE | Clerk, by<br>*(Secretario)* | C. LUNA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

4. **NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] |
|---|

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as an occupant
d. ☒ on behalf of *(specify):* **ALL OTHER OCCUPANTS**
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunt corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ CCP 416.46 (occupant)              ☐ other *(specify):*

5. ☐ by personal delivery on *(date):*

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-130 (Rev. July 1, 2009) | SUMMONS–UNLAWFUL DETAINER–EVICTION | Code of Civil Procedure, §§ 412.20,41<br>5.456.1 167<br>www.courtinfo.ca.gov |
|---|---|---|



*Exhibit B*

SUM-130

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF: | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE | |
| DEFENDANT: | ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW, and DOES 1-5 | |

6. Unlawful detainer assistant *(complete if plaintiff as received any help or advice for pay from an unlawful detainer assistant)*:

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*:

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|

Andrew C. Bailey, Constance B. Marlow 153 Western Ave, Glendale, CA 91201

ATTORNEY FOR *(Name):* PRO SE

NAME OF COURT: Superior Court of California, County of Los Angeles
STREET ADDRESS: 600 East Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: Glendale, CA 91206
BRANCH NAME:

PLAINTIFF: US Bank National Association

DEFENDANT: Andrew C. Bailey, Constance B. Marlow

**ORIGINAL FILED**

MAR 1 8 2011

LOS ANGELES
SUPERIOR COURT

CASE NUMBER:
11C04038

| ANSWER—Unlawful Detainer |
|---|

1. Defendant *(names):*   Andrew C. Bailey, Constance B. Marlow

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.*
   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT
      (1) Defendant claims the following statements of the complaint are false *(use paragraph numbers from the complaint or explain):*   Paragraphs 4, 5 & 9
          US Bank National Association lacks standing to bring suit.

      ☑ Continued on Attachment 2b (1).
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(use paragraph numbers from the complaint or explain):*

          Paragraphs 4, 5 & 9

      ☐ Continued on Attachment 2b (2).

3. AFFIRMATIVE DEFENSES      *(NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j)).*
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date):*                                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
   g. ☑ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*
       Title VII Protecting Tenants at Foreclosure Act of 2009 Sec 702, Public Law 111-22, May 20, 2009
       *(Also, briefly state the facts showing violation of the ordinance in item 3j.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Other affirmative defenses are stated in item 3j.

Exhibit C

Form Approved by the Judicial
Council of California
UD-105 [Rev. January 1, 2007]

**ANSWER—Unlawful Detainer**

Civil Code, §1940 et seq.;
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**UD-105**

| PLAINTIFF (Name): US Bank National Association | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Andrew C. Bailey, Constance B. Marlow | 11C04038 |

3. AFFIRMATIVE DEFENSES (cont'd)

   j. Facts supporting affirmative defenses checked above *(identify each item separately by its letter from page one)*:

   US Bank National Association is not lawful landlord. Defendant is not tenant. Tenants not properly notified. US Bank National Association not identified as creditor in foreclosure poceedings. Creditor was identified as Wells Fargo Bank National Association.

   (1) [✔] All the facts are stated in Attachment 3j.     (2) [ ] Facts are continued in Attachment 3j.

4. OTHER STATEMENTS

   a. [ ] Defendant vacated the premises on *(date)*:

   b. [✔] The fair rental value of the premises alleged in the complaint is excessive *(explain)*:

   Current rent is $1200/month

   c. [✔] Other *(specify)*:
   Defendant is bringing a complaint to quiet title which will determine right of possession.

5. DEFENDANT REQUESTS

   a. that plaintiff take nothing requested in the complaint.

   b. costs incurred in this proceeding.

   c. [✔] reasonable attomey fees.

   d. [ ] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

   e. [ ] Other *(specify)*:

   Dismissal for lack of standing and subject matter jurisdiction involving quiet title.

6. [ ] Number of pages attached *(specify)*:

**UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400- 6415)**

7. *(Must be completed in all cases)* An **unlawful detainer assistant** [✔] did not [ ] did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*

   a. Assistant's name:                                    b. Telephone No.:

   c. Street address, city, and ZIP:

   d. County of registration:        e. Registration No.:        f. Expires on (date):

ANDREW C. BAILEY
_____
(TYPE OR PRINT NAME)                     _____
                                         (SIGNATURE OF DEFENDANT OR ATTORNEY)

CONSTANCE B. MARLOW
_____
(TYPE OR PRINT NAME)                     _____
                                         (SIGNATURE OF DEFENDANT OR ATTORNEY)

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership. )*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

ANDREW C. BAILEY
_____
(TYPE OR PRINT NAME)                     _____
                                         (SIGNATURE OF DEFENDANT)

1   **ANDREW CAMERON BAILEY**
    **CONSTANCE BAXTER MARLOW**
2   153 Western Avenue
    Glendale, CA 91201
3

4   Phone: (928) 451-2043
    Email: andrew@cameronbaxter.net
5

6   *Defendants in pro per*

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **COUNTY OF LOS ANGELES**

9

| | |
|---|---|
| 10  **US BANK NATIONAL ASSOCIATION** | **CASE NO: 11C04038** |
| 11  **AS TRUSTEE FOR WFMBS 2006-AR2** | |
| 12        **Plaintiff** | **DEMURRER TO PLAINTIFF US** |
| 13 | **BANK NATIONAL ASSOCIATION 'S** |
| 14  **Vs** | **UNLAWFUL DETAINER** |
| 15 | **COMPLAINT** |
| 16  **ANDREW CAMERON BAILEY** | |
| 17  **CONSTANCE BAXTER MARLOW** | **Hearing Date: May 6, 2011** |
| 18       **Defendants** | **Time: 8:30 AM** |
| 19 | **Place: Glendale Superior Court** |

20

21

22   Defendants Andrew Cameron Bailey and Constance Baxter Marlow demur to the Cause of

23   Action of the complaint filed by Plaintiff US Bank National Association As Trustee For

24   WFMBS 2006-AR2 on the grounds set forth below:

25

                  *Exhibit D*

                   - 1 -

ORIGINAL FILED

APR 2 1 2011

LOS ANGELES
SUPERIOR COURT

1. Defendants demur to the Complaint, pursuant to California Code of Civil Procedure CCP §430.10, on the following grounds:

- Another action is pending between the same parties for the same cause of action, to wit Case No. CV11-3227 GW(CWX) in the United States District Court for the Central District Of California.
- The Complaint fails to state facts sufficient to constitute a cause of action.

2. This Demurrer is supported by the following Memorandum of Points and Authorities.

**Memorandum of Points and Authorities**

3. California Code of Civil Procedure §430.10 states: §430.10. The party against whom a Complaint or cross-Complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: (a) The court has no jurisdiction of the subject of the cause of action alleged in the pleading. (b) The person who filed the pleading does not have the legal capacity to sue. (c) There is another action pending between the same parties on the same cause of action. (d) Failure to state facts sufficient to constitute a cause of action.

4. The main issue in an unlawful detainer (UD) case is possession. The pending quiet title action over ownership will necessarily decide the issue of possession. There is another action pending in this matter and that is a basis to sustain a demurrer to the UD complaint. The pending action is Case No. CV11-3227 GW(CWX) in the United State District Court for the Central District Of California.

Bank NA, not US Bank. US Bank was not mentioned anywhere in the sale proceedings.

19. Plaintiff US Bank bases its claim for title and possession on the allegation that it is the Trustee for the WFMBS 2006-AR2 Trust that includes Plaintiff's loan.

20. No evidence has ever been offered that the Note is in the WFMBS 2006-AR2 Trust. In fact, the evidence shows that Defendants' promissory note was never properly or timely added into the Trust.

21. The copy of the Note offered as exhibit "A" on July 9, 2009 and certified as a true and correct copy has no endorsement or allonge assigning the note to the Trust or to anyone else.

22. Plaintiff has provided no evidence that Note was timely assigned/transferred/conveyed to the WFMBS 2006-AR2 Trust pursuant to the February 1, 2006 Pooling and Servicing Agreement (PSA).

23. Defendants' loan was not timely assigned to the Trust pursuant to terms of the Pooling and Servicing Agreement (PSA) for WFMBS 2006-AR2, a New York common law trust. The Note is not lawfully in the Trust. Therefore US Bank as Trustee and its agents and assigns lack any authority or standing to do anything.

24. Further, according to the PSA, the "loan originator" Wells Fargo Bank NA sold Defendants' loan to Lehman et al pursuant to PSA on or before February 26, 2006.

25. There is a question of law as to Lehman's interest. The PSA says the loan was sold to

Lehman on or before February 26, 2006. Lehman declared bankruptcy on Sept 15, 2008. The subject property is subject to the control of the U.S. Trustee in Lehman's bankruptcy proceedings.

26. The Deed of Trust was belatedly assigned to US Bank on January 29, 2009 on dubious authority. The parties appear to have improperly granted each other authority when convenient.

27. The PSA required the Mortgage to be assigned to US Bank on or before February 26, 2006.

28. The authority relied upon in the foreclosure was a Limited Power of Authority (LPOA) issued by US Bank to Wells Fargo before the date of assignment to US Bank. Stay relief was thus granted and the trustee's sale was thus conducted upon the dubious and challenged authority of the LPOA, which neither asserts nor confers any authority.

29. The chain of title is broken. There are three undated unrecorded true sales in the chain of title.

30. As set forth above, the Note was never lawfully put into the trust, and the Deed of Trust was assigned years too late. Consequently:

     (i) US Bank had no authority or standing.

     (ii) The Trustee's Deed upon Sale is a false and fraudulent document.

     (iii) The LPOA is a false and defective document. The Automatic Stay was lifted on basis of the LPOA. Defendants' counsel admitted that Wells Fargo was not the beneficiary

as asserted in their motion for stay relief, but claimed the LPOA as authority. The bankruptcy court relied upon the LPOA in lifting the automatic stay.

31.  The Complaint asserts that US Bank purchased the property at the August 24, 2010 auction. This assertion contradicts the trust's February 1, 2006 pass-through conduit pooling and servicing agreement.  The cut-off date shows that the trust didn't purchase the property at the August 24, 2010 auction. It is clear that Plaintiff US Bank has not stated facts constituting a cause of action.

32. Defendants have not had their day in court. The essential issues have not been fully and fairly disposed of in any earlier proceeding. Stay Relief is a summary proceeding, not a trial on the merits. No discovery has been allowed or conducted. No full and fair hearing on the merits has been held.

33. The essential issues, including the issue of right to possession, will be fully and fairly disposed of in the Federal District Court proceedings.

**CONCLUSION**

On the basis of the facts set forth above and for cause shown, the Defendants' demurrer to the Complaint should be sustained.

**WHEREFORE,** defendants request that:

1. Defendant's demurrer be sustained without leave to amend;

2. The court enter an order dismissing the action;

3. Defendant be awarded the costs of this action; and

4. The court grant such other and further relief that the court considers proper.

Respectfully submitted this April 18th, 2011

**Andrew C. Bailey, Defendant Pro Se**

**Constance B. Marlow, Defendant Pro Se**

## NOTICE OF SERVICE

Copy of the foregoing mailed this April 18, 2011 to:

TFLG a Law Firm,
Noah M. Bean, Esq.
Eric G. Fernandez, Esq.
Laurie Howell, Esq.
2121 2nd Street, Suite C-105
Davis, CA 95618

- 8 -

1  TFLG, A LAW CORPORATION
   ERIC G. FERNANDEZ (CA Bar No. 269684)
2  SEAN H. BEDROSIAN (CA Bar No. 265066)
   2121 2ND STREET, SUITE C105
3  DAVIS, CA 9568
   TELEPHONE: 530-750-3700
4  FACSIMILE: 530-750-3366

5  Attorneys for Plaintiff
   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
6

7                SUPERIOR COURT OF CALIFORNIA

8                    COUNTY OF LOS ANGELES

9                    GLENDALE COURTHOUSE

10                     LIMITED CIVIL CASE

11  U.S. BANK NATIONAL ASSOCIATION, AS  )   CASE NO. 11C04038
    TRUSTEE                             )
12                                      )   PLAINTIFF'S OPPOSITION
                    Plaintiff,          )   TO DEFENDANT'S DEMURRER TO
13                                      )   VERIFIED COMPLAINT
    v.                                  )
14                                      )   Date:  May 6, 2011
                                        )   Time:  8:30 AM
15  ANDREW CAMERON BAILEY,              )   Dept:  3
    CONSTANCE BAXTER MARLOW, and        )
16  DOES 1-5,                           )
                                        )
17                  Defendants.         )
                                        )
18

19              I.   FACTUAL BACKGROUND

20      Defendant, ANDREW CAMERON BAILEY and CONSTANCE BAXTER MARLOW

21  ("Defendants"), are the former owners of the foreclosed property commonly known as 153 Western

22  Avenue, Glendale, California 91201 ("the Property"). Plaintiff, U.S. BANK NATIONAL

23  ASSOCIATION, AS TRUSTEE ("Plaintiff"), is the owner of the property by virtue of a non-judicial

24  foreclosure sale, evidence by a Trustee's Deed recorded with the County of Los Angeles. The

25  Trustee's Deed is attached to the Verified Complaint as **Exhibit A** and is filed with the above-

26  referenced court. Despite having been lawfully foreclosed upon, Defendants remain in possession

27  of the property.

28  ///

                    Exhibit E

                        1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' DEMURRER TO VERIFIED COMPLAINT

1        Defendants now bring this improper Demurrer on the inapplicable grounds. Defendants

2  allege irrelevant and ambiguous "defects" in Plaintiff's title, all of which lack any legal merit and

3  are inapplicable in this summary proceeding. Defendants further allege that due to their separate

4  action the Demurrer should be sustained. This allegation is clearly irrelevant and has been soundly

5  rejected by the courts. In addition, Defendants allege that Plaintiff, U.S. Bank National Association,

6  as Trustee, does not have capacity to sue pursuant to CCP section 430.10(b), however the following

7  allegations will be invalidated in the forthcoming contention.

8                        **II.   LEGAL ARGUMENT**

9        A.    **DEFENDANTS' DEMURRER IS PROCEDURALLY**

10             **DEFECTIVE.**

11        Defendants' Demurrer should be denied because a Demurrer must be brought pursuant to

12  California civil code of procedure section 1005(b) and California Rules of Court Rule 3.1320.

13  California Rules of Court Rule 3.1320(c) states that "a party filing a must serve and file therewith

14  a notice of hearing that must specify a hearing date *in accordance with the provisions of Code of*

15  *Civil Procedure section 1005.*" Code of Civil Procedure section 1005(b) then states that such notice

16  must be filed and served along with the moving and supporting papers *at least 16 court days before*

17  *the hearing*, plus days for mailing (Cal. Civ. Proc. Code sec.1005(b)).

18        Unlawful detainer actions are summary in nature, thus, are a few specific motions that may

19  be brought under shortened time. Civil Code of Procedure section 1167.4 provides that (1) Motion

20  to Quash Service of Summons; (2) Motion to Stay; or (3) Motion to Dismiss are subject to shortened

21  time. However, Section 1167.4 *does not affect the rules governing the filing and serving of a*

22  *Demurrer.* Even in a summary unlawful detainer proceeding, a party intending to file a demurrer

23  must give notice at least 16 court days from the day of the hearing as provided by Section 1005(b).

24        In the instant action, Defendants served on Plaintiff the moving papers on April 18, 2011,

25  yet, scheduled the hearing to be heard on May 6, 2011. Defendants' fourteen ("14") day notice is

26  a violation of Section 1005(b). Defendants has improperly brought an untimely pleading for the

27  purpose of creating a prejudicial effect on Plaintiff. Thus, the Court should exercise its discretion

28  and overrule the Demurrer in its entirety pursuant to California Code of Civil Procedure section

1    436(b)[1].

2        **B.      PLAINTIFF'S VERIFIED COMPLAINT STATES FACTS**
         **SUFFICIENT FOR A VALID CAUSE OF ACTION AND IS**
3        **NOT VAGUE, UNCERTAIN OR AMBIGUOUS.**

4        The function of a demurrer is to test the legal sufficiency of the challenged pleading.

5    Kendrick v. city of Eureka (2000) 82 Cal. App. 4th 364, 367; Hernandez v. city of Pomona (1996)

6    49 Cal. App. 4th 492, 1497.  In determining whether a demurrer should be sustained or overruled,

7    the court *assume the truth of all material facts* which have been properly pleaded, of facts which

8    may be inferred from those expressly pleaded, and of any material facts of which judicial notice has

9    been requested and may be taken.  Crowley v. Katleman (1994) 1994 8 Cal.4th 666, 672.  However,

10   a *demurrer does not admit contentions, deductions, or conclusions of fact or law.*  Daar v. Yellow

11   Cab Co. (1967) 67 Cal.2d 695, 713.  Because the factual allegations are assumed to be true, the

12   possibility that the true facts maybe difficult to prove is irrelevant.  Concerned Citizens of Costa Mesa,

13   Inc. V. 32nd Agricultural Assn. (1986) 42 Cal.3d 929, 936.

14       When ruling on a general demurrer, "[t]he court must, at every stage of the an action,

15   *disregard any defect in the pleadings that does not affect the substantial rights of the parties.  The*

16   pleadings *must be reasonably interpreted;* they must be read as a whole and each part must be given

17   the meaning that it derives from the context wherein it appears.  *All that is necessary as against a*

18   *general demurrer is to plead facts showing that the plaintiff may be entitled to some relief.*

19   Moreover, in passing upon the sufficiency of a pleading, *its allegations must be liberally construed*

20   with a view to substantial justice between the parties."  Fundin v. Chicago Pneumatic Tool Co.

21   (1984) 152 Cal.App.3d 951, 955; Michaelian v. State Compensation Insurance Fund (1996) 50

22   Cal.App.4th 1093, 104-05.

23       A demurrer for failure to state a cause of action should be sustained only where the facts

24   alleged on the face of the complaint fail to state any valid claim entitling the plaintiff to relief.  The

25   plaintiff may be mistaken as to the nature of the case or the legal theory on which he or she can

26   prevail, *but if the essential facts of some valid cause of action are alleged, the complaint is good*

27

28       [1]Pursuant to Cal. Civ. Proc. Code §436(b) a court may, upon its own discretion, strike all
     of a pleading that is not drawn in conformity with the laws of this state of the Court.

1  § 2924; Hatch v. Collins (1990) 225 Cal. App. 3d 1104; Sain v. Silvestre (1978) 78 Cal. App. 3rd

2  461; Brown v. Busch (1957) 152 Cal. App. 2nd 200.)

3       Moreover the notice requirements for a foreclosure sale are statutorily presumed satisfied

4  when the trustee's deed contains a recital that all notices have been properly given (Civ. Code §

5  2924). Civil Code Section 2924 provides:

6       "A recital in the deed executed pursuant to the power of sale of compliance with all

7       requirements of law regarding the mailing of copies of notices or the publication of
     a copy of the notice of default or the personal delivery of the copy of the notice of
     default or the posting of copies of the notice of sale or the publication of a copy

8       thereof shall constitute prima facie evidence of compliance with these requirements
     and conclusive evidence thereof in favor of bona fide purchasers and encumbrances

9       for value and without notice."

10  The presumption created by California Civil Code Section 2924 shifts the burden of proof to

11  defendant to show that the required notice was not properly given.

12       The language in the trustee's deed attached to the verified complaint in this case satisfies the

13  statutory conditions and shifts the burden of proof regarding sufficiency of notice to the defendants.

14  By the express provision of the deed of trust, recitals in a trustee's deed may be furnished as proof

15  of the regularity of the sale, and no further evidence is necessary to establish the title and right to

16  possession of the purchaser. (Sorenson v. Hall) (1934) 219 Cal. 389; Beck v. Reinholtz (1956) 138

17  Cal.App.2d 719, 23 (held recitals in a trust deed furnish prima facie evidence of the facts as set

18  forth therein and are sufficient to sustain plaintiff's burden of proof).) (See also Wolfe v. Lipsy

19  (1985) 163 Cal.App.3d 633, 639, disapproved on other grounds in Droeger v. Friedman, Sloan &

20  Ross (1991) 54 Ca 3d 26.) This presumption applies between the trustor and a purchaser who is not

21  a bona fide purchaser for value. (Wolfe v. Lipsy, supra, 163 Cal.App.3d at 640.)

22       Because the recital in the Trustee's Deed Upon Sale creates rebuttable presumption that the

23  Trustee complied with all the notification requirements to conduct a lawful foreclosure sale, the

24  burden shifts to Defendant to prove by a preponderance of the evidence that the notice requirements

25  of Cal. Civ. Code 924 were not complied with. Here, Defendants have not provided any evidence

26  to rebut the presumption.

27       Moreover, the *presumption can only be rebutted by substantial evidence of prejudicial*

28  *procedural irregularity.* (6 Angels, Inc. v. Stuart-Wright Mortgage, Inc. (2001) 85 Cal.App.4th

1  1279, 1284.) It is the burden of the party challenging the trustee's sale to prove such irregularity and

2  thereby overcome the presumption of the sale's regularity. Here, Defendants fail to provide

3  substantial evidence to the rebut the presumption of validity by a preponderance of the evidence.

**D.    PLAINTIFF, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IS THE REAL PARTY INTEREST AND DOES INDEED HAVE CAPACITY TO SUE.**

6  There is a presumption that a sale under a deed of trust was conducted regularly and fairly,

7  and the burden of proving any irregularity in the sale is on the party attacking the sale. California

8  Civil Code § 2924; Hatch v. Collins (1990) 225 Cal. App. 3d 1104, 275 Cal. Rptr. 476; Sain v.

9  Silvestre (1978) 78 Cal. App. 3rd 461, 144 Cal. Rptr. 478; Brown v. Busch (1957) 152 Cal. App. 2nd

10  200, 313 P. 2nd 19 As such, the recorded Trustee's Deed Upon Sale, which reflects the sale under

11  the deed of trust, specifically and clearly states that First American Trustee Servicing Solutions, LLC

12  f/k/a First American LoanStar Trustee Services LLC,... does hereby grant and convey to US Bank

13  National Association, as Trustee, for WFMBS 2006-AR2 (true and correct copy of the Trustee's

14  Deed Upon Sale is attached hereto as **Exhibit A.**)US Bank National Association, as Trustee, for

15  WFMBS 2006-AR2, is the beneficial, legal, and record owner of the Subject Property and therefore

16  has the legal capacity to enforce its rights to possession in the instant action. In order to enforce its

17  rights, Plaintiff has filed the instant action and is in fact the the named Plaintiff in this action.[2]

18  Moreover, US Bank National Association, as Trustee, as the beneficiary owner, is the named

19  Plaintiff in this action, and is the Real Party in Interest and therefore has standing to sue.

**1.    US Bank National Association, as Trustee Is a Real Party in Interest and Therefore, Has Capacity to Sue in the Instant Action.**

22  A lawsuit must be brought by the Real Party in Interest. In this case, the Real Party in

23  Interest is the owner of the property seeking possession. The Trustee' Deed Upon Sale clearly states

24

25  [2]When a lawsuit involves a trust, the Real Party in Interest is the Trustee, not the

26  beneficiary of the trust. Thus, the beneficiary does not have to be named as a Plaintiff. C.C.P. §369; see O'Flaherty v. Belgium (2004) 115 Cal. App. 4th 1044, 1062, 9 Cal.Rptr.3d 286, 300.

27  Here, the trustee and named Plaintiff, US Bank National Association is the Real Party in Interest. The Plaintiff (that is, the Trustee) is "US Bank National Association, as Trustee", and the

28  Beneficiary is WFMBS 2006-AR2 "as Trustee." However, as annunciated in statute and case law, the Real Party in Interest is the Trustee, not the Beneficiary.

6

1   that US Bank National Association, as Trustee, for WFMBS 2006-AR2 purchased the property at

2   a valid non-judicial foreclosure sale on August 24, 2010, therefore, US Bank National Association,

3   as Trustee is the legal owner of the Subject Property commonly known as 153 Western Avenue,

4   Glendale, California 91201. As the legal owner, US Bank National Association, as Trustee, has the

5   right to bring the instant action for possession of the property (see footnote 1, *infra*). Here, the

6   Complaint properly states the "Plaintiff" – the Real Party in Interest – is "US Bank National

7   Association, as Trustee." The proper Plaintiff must be the owner, and in this case the owner is only

8   US Bank National Association, as Trustee.

9       Moreover, since a copy of the recorded Trustee's Deed Upon Sale is attached to Plaintiff's

10   Complaint as Exhibit A, Defendant is able to determine that the entity to whom the Property was

11   granted to is in fact US Bank National Association, as Trustee, for WFMBS 2006-AR2. US Bank

12   National Association, as Trustee is the same entity who is bringing the instant action as the Plaintiff.

13       The recorded Trustee's Deed Upon Sale gives rise to a presumption that the non-judicial

14   foreclosure sale is valid and to have been conducted regularly and fairly. Based on the Complaint

15   and the attached Trust Deed, Defendant had clear notice of Plaintiff's interest in the Property.

16   Therefore, Defendant has always been able to determine that Plaintiff is the real party in interest with

17   standing to bring this action.

18     **E.**     **PLAINTIFF'S TITLE TO THE PROPERTY HAS BEEN DULY**

              **PERFECTED.**

19

20       For the purposes of the CCP § 1161a, title that is "duly perfected" includes good record of

21   title, but is not limited to it. A title is "duly perfected" when all steps have been taken to convey to

22   purchaser that what he had purchased, is valid and good beyond all reasonable doubt. In other

23   words, title is deemed duly perfected so long as the foreclosure was conducted in compliance with

24   section 2924. As will be argued below, because the Trustee's Deed Upon Sale contains the requisite

25   recital, the sale is presumed valid and is therefore in compliance with section 2924.

26       Title is "duly perfected" when all steps have been taken to convey to purchaser that which

27   he has purchased is valid and good beyond all reasonable doubt. Kessler v. Bridge (1958)161

28   Cal.App.2d Supp. 337. A good or perfect title, within the meaning of contract for the sale of real

1  property is one that it is unencumbered, free from litigation, palpable defects, and grave doubts, that

2  consists of both legal and equitable title, and that is fairly deducible from the record.

3  54 Cal.Jur. § 230  It must be in such a condition that an informed and reasonable buyer, exercising

4  the prudence ordinarily exercised by businessmen, would and should accept it.  1 Cal. Real Est.

5  (2d ed) § 2:52.

6      Therefore a contract is duly perfected when the plaintiff has acquired the entire interest in

7  the property free from contingencies and reasonable doubts as to ownership.  As noted above,

8  Plaintiff's Trustee's Deed contains a recitation of compliance pursuant to Cal. Civ. §2924.  Since

9  Plaintiff has complied with statute, all steps have been taken to convey to Plaintiff that the property

10  which Plaintiff has purchased is valid and good beyond all reasonable doubt.

11      Moreover perfect title is title that is unencumbered, free from litigation, palpable defects,

12  grave doubts and consists of legal and equitable title.  Because the non-judicial foreclosure sale was

13  conducted in accordance with section 2924, Plaintiff's title to the subject property is unencumbered

14  and hence, perfect.

15      F.    **THERE IS NO LAW THAT REQUIRES PLAINTIFF TO**

16              **HOLD THE NOTE IN ORDER TO FORECLOSE.**

17      Defendant' allegation that Plaintiff is required to hold held the "note" is improperly before

18  this Court as California Courts have soundly rejected this argument.

19      It has been a novel defense among former-mortgagors that the foreclosure of a subject real

20  property was invalid because neither Plaintiff in a post-foreclosure eviction proceeding nor any entity

21  associated with the foreclosure held the promissory note; or, that the promissory was improperly

22  transferred without the former-mortgagor's consent. However, these novel arguments have been

23  soundly rejected by the Courts of this state. California law does not require that the promissory note

24  be in the possession of the party initiating a non-judicial foreclosure.  See Putkkuri v. Recontrust

25  Co., No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the

26  original note is not required to proceed with a non-judicial foreclosure.").  In fact, one federal judge

27  has described this argument as "moot and distracting." Hafiz v. Greenpoint Mortgage Funding, Inc.,

28  No. C 09-01729, 2009 WL 2137393 *7 (N.D. Cal. July 16, 2009). Clearly, holding the note is not

1    a prerequisite to non-judicial foreclosure. Plaintiff was never required to hold the note.

2         Moreover the instrument being "enforced" (foreclosed on) in the foreclosure of the subject

3    property was no the Promissory Note but the Deed of Trust which, by its terms authorizes

4    foreclosure under a power of sale on Defendant's default under the terms of the Promissory Note.

5    As the Deed of Trust is the instrument being foreclosed on, the Commercial Code is inapplicable.

6    Therefore, Defendant's arguments are without merit. Civ. Code § 2924 *et seq.* Is the sole basis

7    governing non-judicial foreclosures.

8         Additionally, as stated above, under California law, a trustee does not have to have

9    possession of the note to non-judicially foreclosure on the property under the Deed of Trust. See

10   Also Alicea v. G Money Bank (N.D. Cal., 2009) 2009 WL 2136969, 2; Green v. Alliance Title

11   (E.D.Cal., 2010) 010 WL 3505072, 14.

12   **G.   THE EXISTENCE OF A SEPARATE ACTION IS**
     **IMMATERIAL TO THE EVICTION PROCEEDING.**
13

14        Defendants base much of their Demurrer on the fact that they have a separate action and that

15   Plaintiff's action will be resolved in this separate "Quiet Title" action. This "allegation" is improper

16   for several reasons. First, Defendants' attempt to "move" the Court into "staying" Plaintiff's action

17   is not a basis for a Demurrer, but rather an informal request of the Court to "allow Defendants to

18   maintain possession of the Property until the matters concerning the Quiet Title...are heard..."

19   Second, Defendants' Demurrer is not the appropriate instrument to attempt to move the Court into

20   "staying" Plaintiff's summary unlawful detainer action. Third, Defendants are requesting that the

21   Court deviate from their jurisdiction in order to grant their informal request. Lastly, and most

22   importantly, Plaintiff has an immediate right to possession that cannot be infringed by the mere

23   existence of a separate action. If the Court entertains such an informal request regarding Plaintiff's

24   summary unlawful detainer proceeding, then the Unlawful Detainer proceeding would effectively

25   be stayed pending the results of Defendants' separate action. However, such a consequence is

26   improper as it would contravene the nature of an Unlawful Detainer action. An Unlawful Detainer

27   action is a summary proceeding that is subject to expedited resolution. Conversely, an Unlimited

28   Action may take years to litigate. Thus, delaying the Unlawful Detainer action pending the

1   Unlimited Action prevents the Unlawful Detainer action from being a summary proceeding.

2        Acknowledging this issue, the State Appellate Court in Evans v. Superior Court (1977) 67

3   Cal. App. 3d, 16, 171 held that the pendency of another action should have no bearing on the

4   resolution of an Unlawful Detainer proceeding.  The reason for this is because the issues in an

5   Unlawful Detainer action are not common with the issues in an Unlimited Action.  The issues are

6   even less common when the Unlawful Detainer case arises from foreclosure because only a limited

7   examination of title is permitted in a Unlawful Detainer action while more complex issues of title

8   *must be litigated in a separate action.*

9        Because issues in an Unlimited Action must be litigated separately from the issues in

10  Unlawful Detainer action, the resolution of the Unlimited Action is immaterial to the Unlawful

11  Detainer case.  Thus, it would be inappropriate to effectively stay the Unlawful Detainer action

12  pending the resolution of Defendants' separate action.

13                    **III.   CONCLUSION**

14       The court should bear in mind that it is not the function of a demurrer to challenge the proof

15  of the allegations in the complaint, but only their sufficiency.  Plaintiff's Verified Complaint is

16  sufficient as it complies with section CCP §1166.  Furthermore, Plaintiff's Verified Complaint is

17  in no way vague, uncertain, or ambiguous. Defendants' attempts to raise alleged "defects" in

18  Plaintiff's title to the Subject Property are improperly before this Court and should be disregarded.

19

20                              Respectfully submitted,

21                              **TFLG, A LAW CORPORATION**

22

23

24  Dated: April 25, 2011       By: _____
                                SEAN H. BEDROSIAN, ESQ.
25                              Attorney for Plaintiff
                                U.S. BANK NATIONAL ASSOCIATION, AS
26                              TRUSTEE

27

28

                              **10**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 3770 GW (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

US BANK NATIONAL ASSOCIATION, AS TRUSTEE

**DEFENDANTS**

ANDREW CAMERON BAILEY
CONSTANCE BAXTER MARLOW *and DOES 1-5*

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
TFLG A LAW FIRM
2121 2nd Street
Davis, CA 95618
(Phone) 530/ 750 3700

Attorneys (If Known)

PRO SE

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**less than $10,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Detainer. C.C.P. 1161(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV11-3770** GW(E)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): _____ CV11-3227-GW (CWx) _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ~~ATTORNEY~~ (OR PRO PER): _____ (pro per) Date _____ April 30, 2011 _____
_____ Antone D. McLin (pro se) _____

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |