```
 1  ERIC G. FERNANDEZ (No.269864)
    LAURIE HOWELL(No.098785)
 2  TFLG, A Law Corporation
    2121 2ND STREET, SUITE C105
 3  DAVIS, CA 95618
    TELEPHONE: (530) 750-3700
 4  FACSIMILE: (530) 750-3344
    eric.fernandez@dre-apc.com
 5
    Attorneys for Defendant/Movant
 6  U.S. BANK NATIONAL ASSOCIATION,
    as Trustee
 7
```

8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10               WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| U.S. BANK N.A., as Trustee, | **Case No. 2:11-cv-3770 GW(E)** |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT** |
| vs. | |
| ANDREW CAMERON BAILEY and CONSTANCE BAXTER MARLOW, | Date: 6/21/11<br>Time: 8:30 am<br>Ctrm: 10<br>Judge: Hon. George H. Wu |
| Defendants. | ORAL ARGUMENT NOT REQUESTED |

   U.S. BANK NATIONAL ASSOCIATION, as Trustee, designated as a "Defendant" in this action (hereinafter "U.S. BANK"), submits the following in support of its motion to remand to the Superior Court.

## **INTRODUCTION**

   U.S. BANK is the Plaintiff in a state court unlawful detainer action filed against ANDREW CAMERON BAILEY and CONSTANCE BAXTER MARLOW (hereinafter "Plaintiffs") to recover possession of real property located at 153 Western Avenue, Glendale, California (the "Property") after a non-judicial foreclosure sale conducted in August of 2010.

**MEMORANDUM OF POINTS AND AUTHORITIES**

As set forth in the record on file herein, U.S. BANK filed the unlawful detainer complaint on March 9, 2011 (Exhibit A to the Notice of Removal). On March 18, 2011, Plaintiffs filed an answer to the complaint (Exhibit C to the Notice of Removal).

On October 20, 2010, Defendants filed a "Notice of Removal" of the unlawful detainer action in Case No. 11-03227, which is an action pending in this court by Defendants against U.S. BANK and other entities allegedly involved in a wrongful foreclosure of Defendants' former property. Defendants were clearly attempting to bootstrap the unlawful detainer action into that action and thereby obtained a free stay of the trial of the unlawful detainer, as the Superior Court automatically stayed proceedings based on the Notice of Removal and will not proceed without an order of remand from this Court.

On April 29, 2011, U.S. BANK filed a motion to remand in Case No. 11-03227.  On May 2, 2011, Defendants filed another Notice of Removal in the instant case to remove the unlawful detainer as a separate action.[1] The reasoning as to why removal is improper remains the same regardless of the pleadings filed by Defendants.

**PLAINTIFFS HAVE FAILED TO ESTABLISH ANY FEDERAL QUESTION**

28 USC §1446 requires the party removing an action to federal court to demonstrate in the removal notice the basis for the removal. The removing party bears the burden of establishing that federal subject matter jurisdiction exists. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong

---

[1] Because undersigned counsel only represents U.S. Bank in the unlawful detainer case, the motion to remand filed in Case No. 11-03227 was withdrawn upon the filing of this case and an appearance being made on U.S. Bank's behalf in Case No. 11-03227 by the Severson Werson office.

**MEMORANDUM OF POINTS AND AUTHORITIES**                                     2

1  presumption against removal jurisdiction. <u>Gaus v. Miles, Inc.</u>, 980
2  F.2d 564, 566 (9th Cir. 1992); therefore, doubts about the
3  removeability of a case must be resolved in favor of remanding it
4  to state court. Id. In this case, Plaintiffs contend that removal
5  of the unlawful detainer is authorized on the ground that their
6  complaint in Case No. 11-03227 alleges claims under various federal
7  statutes, including the Real Estate Settlement Procedures Act
8  ("RESPA"), the Truth in Lending Act "TILA") and the Fair Debt
9  Collection Practices Act ("FDCPA"). A reading of the removed state
10 court complaint, however, shows that it is solely an unlawful
11 detainer action based on the statutory procedures for obtaining
12 possession after a foreclosure sale. None of the federal statutes
13 alleged by Plaintiffs in Case No. 11-03227 are anywhere referenced
14 in the unlawful detainer complaint, nor are they relevant to it.
15 Assuming for the sake of argument that Plaintiffs' assertions of
16 violations of these various laws and statutes were valid, they would
17 only be alleged defenses, which may not be considered part of the
18 pleadings for the purposes of determining whether a federal question
19 exists. <u>Rivet v. Regions Bank</u>, 522 U.S. 470, 475, 118 S. Ct. 921,
20 139 L. Ed. 2d 912 (1998). Further, there is no right to raise
21 affirmative claims for relief in the unlawful detainer action, as
22 to do so would destroy the summary nature of the unlawful detainer
23 process. See, e.g., <u>Vella v. Hudgins</u> (1977) 20 Cal.3d 251, 255
24 (although a defendant may raise defenses to the conduct of the
25 foreclosure sale, affirmative claims of fraud and other wrongdoing
26 are not appropriate). Therefore, it would be inappropriate to
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**                                3

consolidate the two cases.[2] This court is entitled to consider the purpose and scope of the statutes governing the cause of action under the state law in determining whether a pleading in fact satisfies the standard for removal to federal court. See, <u>Rubel-Jones Agency, Inc. V. Jones</u> 165 F. Supp. 652 (WD Mo. 1958).

It should further be noted by this Court that Plaintiffs have already had their day in court regarding their claims of statutory violations and wrongdoing in connection with the foreclosure of the Property. As set forth in their complaint in Case No. 11-03227, Plaintiffs concede that there was an Adversary Proceeding pending in the bankruptcy of Plaintiff ANDREW CAMERON BAILEY (United States Bankruptcy Court for the District of Arizona, Case No. 2:09-bk-06979-RTBP, Adversary Case No. 2:09-ap-01727-RTBP).[3] What Plaintiffs fail to disclose to the Court is that an order issued on July 23, 2010, dismissing the complaint in the Adversary Case *with prejudice* as a result of Plaintiffs' inability to state any cause of action against Defendant U.S. BANK regarding the foreclosure. A copy of the Bankruptcy Court's order is attached hereto as Exhibit A.

### III.

### A SUA SPONTE ORDER IS APPROPRIATE IN THIS CASE

28 USC §1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court must remand an action **sua sponte**." As the

---

[2] Defendants state in their Notice of Removal that they fully intend to move to consolidate this case with Case No. 11-03227 and, in fact, they recently filed a purported motion to consolidate the two actions in Case, however, they have not set it for hearing.

[3] Plaintiffs allege, at paragraph 17 of their complaint herein: "Plaintiff's companion Adversary Case No: 2:09-ap-01727-RTBP filed on December 23, 2009 against these same defendants was dismissed without discovery or evidentiary hearing."

**MEMORANDUM OF POINTS AND AUTHORITIES**                                     4

1  court acknowledged in <u>Residential Funding Real Estate Holding, LLC
2  v. Chavez</u>, 2010 WL 3220065 (C.D. Cal. 2010), "a district court has
3  an independent obligation to examine whether removal jurisdiction
4  exists before deciding any issue on the merits" (citation omitted).
5  This obligation to determine subject matter jurisdiction applies
6  whether or not a party has filed a motion. See, <u>Page v. City of
7  Southfield</u>, 45 F.3d 128, 133 (6th Cir. 1995). Further, one Court has
8  already determined that none of Defendants claims, federal or
9  otherwise, has any merit. The filing of this case is in complete
10 disregard of that order and should not be countenanced.

11 Dated: 5/19/11                         Respecfully submitted,

12                                         TFLG, A Law Corporation

14                                         By:    /s/ Eric G. Fernandez
                                           ERIC G. FERNANDEZ
15                                         Attorney for Movant
                                           U.S. BANK NATIONAL ASSOCIATION,
16                                         as Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**                                5