1  ANDREW CAMERON BAILEY
   CONSTANCE BAXTER MARLOW
2  153 Western Avenue
3  Glendale, CA 91201

4  Phone: (928) 451-2043
   Email: andrew@cameronbaxter.net
5

6  *Defendants in pro per*

7
                    IN THE UNITED STATES DISTRICT COURT
8
                       CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WFMBS 2006-AR2 | **CASE NO:** CV11-3770 GW (Ex) |
| 11  **Plaintiffs** | |
| 12  Vs | |
| 13  ANDREW CAMERON BAILEY CONSTANCE BAXTER MARLOW | **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** |
| 14  **Defendants** | |

15

16  **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

17  This Court's May 6, 2011 Order set a Scheduling Conference for June 23, 2011 at 8:30 a.m.
    and reminded counsel of their obligations to disclose information, confer on a discovery
18  plan, and report to the Court, as required by F.R.C.P. 26 and the Local Rules of this Court.
    Counsel were instructed to file a Joint 26(f) Report and a Notice of Settlement Procedures
19  Selection Form ADR-1 with the Court no later than June 9, 2011.

20
    A brief telephonic conference was held on June 7, 2011 between the Defendants and Laurie
21  Howell of TFLG A Law Corporation, attorneys of record for Plaintiff U.S. Bank National
    Association. Ms Howell made it clear that TFLG would not be participating in a discovery
22  plan because they have a Motion to Remand in place which they expect the Court to grant.
23  (See Attached)

24  In the absence of input from opposing counsel, Defendants, having attempted in good faith
    to agree on a proposed discovery plan, hereby submit their unilateral response to the Court's
25  Order:

**Pretrial Conference Scheduling Conference date**: June 23, 2011 at 8:30 a.m.

**Type of Action**: Unlawful Detainer removed to District Court pending Consolidation with Action to Quiet Title Case No. CV11-3227 GW (CWx).

**The parties' planning meeting** was held telephonically on June 7, 2011 and was attended by Defendants Constance Baxter Marlow and Andrew Cameron Bailey. Laurie Howell attended on behalf of Plaintiff.

1. **Issues**. Preliminary statement of Defendants' issues:

In this case, Defendants allege that Plaintiff U. S. Bank National Association does not hold a valid security interest in the subject real property located at 153 Western Avenue, Glendale, CA 91201 [Defendants' home], due to lack of a valid sale, assignment, or transfer of the Plaintiffs' promissory note to the mortgage-backed securities trust for which Plaintiff U. S. Bank National Association serves as trustee, and therefore Plaintiff had no right to invoke the power of sale contained in the Deed of Trust. Defendants allege that Plaintiff U. S. Bank National Association failed to comply with federal and state requirements not to hold a foreclosure sale until it complied with federal and state modification and loss mitigation requirements, and that Plaintiff U. S. Bank National Association breached the covenant of good faith and fair dealing.

    i. U. S. Bank National Association as Trustee for WFMBS 2006-AR2 is not the real party-in-interest, because the promissory note was never timely and properly endorsed to the Trust, nor was the Deed of Trust timely assigned to them, pursuant to the February 1, 2006 Pooling and Servicing Agreement which governs the Trust.

    ii. U. S. Bank National Association is the trustee for a Trust which does not lawfully contain Defendants' loan. U. S. Bank National Association therefore has no enforceable interest in the property.

    iii. U. S. Bank National Association is not a bona fide creditor. They do not have a

perfected security interest in the property. They claim that they purchased the property at trustee's sale on August 24, 2010 by credit bid. Only a creditor may purchase a property by credit bid. All others must pay cash pursuant to the terms of the trust deed. U. S. Bank National Association is therefore not a bona fide purchaser.

    iv. Defendants have never been granted their due process right to discovery and an evidentiary hearing on the merits. Plaintiff and its associated securitization entities have thus far successfully avoided Defendants' discovery requests.

    v. There are triable issues of material fact regarding the validity of the Deed of Trust, the succession of First American LoanStar Trustee Services as trustee under the Deed of Trust, the Notice of Default, the subsequent Trustee's Sale, and the Trustee's Deed Upon Sale.

    vi. U. S. Bank National Association fraudulently acquired title to the Defendants' property.

    vii. Further litigation is appropriate and necessary. In re <u>Vella v. Hudgins</u> (1977) 20 Cal.3d. 251, 572.

**2. Initial disclosures**. The initial disclosures required by Civil Rule 26(a)(1) have not been exchanged.

**3. Discovery Plan**. The Defendants propose the following discovery plan:

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows: Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

**Subjects.**

The Defendants request that the Court order

a. Discovery of all and any evidence that the promissory note was transferred to the trust, including but not limited to Defendants' custodial (collateral) loan file containing the Defendants' promissory note properly and timely endorsed and conveyed to the WFMBS trust.

b. Certification by a competent person with personal knowledge that the note was properly and timely endorsed and conveyed to the trust in compliance with the terms of the Pooling and Servicing Agreement, when, how and by whom this was accomplished, and a certification that the loan file has not been accessed or altered since it was placed in the trust's vault.

c. A full accounting of all monetary transactions related to Defendants' loan, including all third party payments and payments made on behalf of Defendants. Ledger/bookkeeping entries of the transaction regarding Defendants' specific and individual loan from the inception to the present.

d. The Pooling and Servicing Agreement governing the trust.

e. The 424b5 Prospectus governing the trust.

f. All and any Purchase Agreements including Mortgage Loan Purchase Agreements.

g. The identity of all participants and parties in the securitization enterprise including beneficiaries.

h. The identity of the holder in due course of the original note.

i. The identity of the holder in due course of the original deed of trust.

j. The charters of each participant in the offering.

k. All and any documents identifying the specific interests any party claims in Defendants' specific and individual loan.

l. The name, job description and contact information of each person with personal knowledge of the information provided, and how they acquired the information provided.

**Deadline.**
All discovery must be commenced in time to be completed by November 15, 2011.

**Limits.**

(1) <u>Interrogatories</u>. Civil Rule 33(a) allows each party to serve a maximum of 30 interrogatories upon any other party. Responses are due 30 days after service.

(2) <u>Requests for Admission</u>. Civil Rule 36 does not limit the number of requests for admission that each party may serve. Responses are due 30 days after service.

(3) <u>Depositions</u>. Civil Rule 30(a) allows each side to depose the following persons as a matter of right: other parties; independent experts expected to be called at trial; treating physicians; document custodians; and any three other person. The depositions of a party, expert witness or treating physician may not exceed six hours. Other depositions may not exceed three hours. Civil Rule 30(d)(2).

    d. **Other Provisions of Discovery Plan**.

4. **Trial.**
a.    Trial cannot be scheduled now because discovery has yet to be conducted. The case will be ready for a trial setting conference by November 15, 2011.

b.    Jury trial requested

5. **Proposed Pretrial Deadlines**. (To be determined)

a. Joinder of Parties
b. Amendment of Pleadings
c. Preliminary Witness Lists
d. Expert witness Lists under Rule 26(a)(2)(A)
e. Expert Reports under Rule 26(a)(2)(B)
f. Dispositive motions
g. Other motions
h. Final Witness Lists under Rule 26(a)(3)
i. Final Exhibit Lists under Rule 26(a)(3)
j. Objections under Rule 26(a)(3)  21 days after disclosure of relevant list.

6. **Settlement.**
The parties have not discussed the possibilities for a prompt settlement or resolution of the case, including following the alternative dispute resolution procedures. Defendants are open to an equitable settlement.

**7. Pretrial Scheduling Conference.**
Defendants do not waive a conference with the Court before entry of the Scheduling Order.

Respectfully submitted June 8, 2011

By: /s/Andrew C. Bailey
**Andrew C. Bailey, Defendant, Pro Se**

By: /s/ Constance B. Marlow
**Constance B. Marlow, Defendant, Pro Se**

1. Statement of Plaintiff's issues:

As noted, Plaintiff U.S. BANK contends that this unlawful detainer action was improperly removed from the Superior Court. Plaintiff has filed a motion to remand the case, which is calendared for hearing on 6/23/11. To avoid unnecessary expense Plaintiff believes commencement of any discovery and other pretrial matters should await the outcome of the motion.

Respectfully submitted,

TFLG, A Law Corporation


/s/ Laurie Howell
By:  Laurie Howell
Attorneys for Plaintiff
U.S. BANK NATIONAL
ASSOCIATION, as Trustee