ANDREW CAMERON BAILEY
CONSTANCE BAXTER MARLOW
153 Western Avenue
Glendale, CA 91201

Phone: (928) 451-2043
Email: andrew@cameronbaxter.net

*Defendants in pro per*

ORIGINAL



FILED
CLERK, U.S. DISTRICT COURT
JUN - 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ JG _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE<br><br>Plaintiff<br><br>Vs<br><br>ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW and DOES 1-5<br>Defendants | CASE NO: CV11-3770 GW (Ex)<br>Hon. George H. Wu<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**<br><br>Date:      June 23, 2011<br>Time:     8:30 am<br>Courtroom:   10 |
|---|---|

Defendants in the above-captioned case Andrew Cameron Bailey and Constance Baxter Marlow Oppose Plaintiff U.S. Bank National Association's Motion To Remand Case To State Court (the "Motion"), and move the Court to deny the Motion for the reasons set forth below:

1.   The motion alleges that Defendants "have improperly removed the state court action in that they have not established and cannot establish that this court has subject matter jurisdiction in this case as required by 28 USC 1446."

2.   As set forth in the removal action, Defendants allege that this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331, and hence this action

OPPOSITION TO MOTION TO REMAND - 1

1  was properly removed to this Court by removing defendant pursuant to the provisions of
2  28 U.S.C. § 1441(b) in that Defendants' allegations and claims appear to arise under the
3  following federal statutes: 28 U.S.C. § 1446; violation of RESPA 12 U.S.C. § 2605,
4  violation of Truth in Lending Act 15 U.S.C. § 1601 et. seq., violation of Fair Debt
5  Collection Practices Act 15, U.S.C. §§ 1692 et. seq., rescission pursuant to TILA 15 U.S.C.
6  § 1635(a) and Regulation Z § 226.23(a)(3).

    3.    Diversity:

        a. The amount in controversy exceeds $75,000.

        b. The parties to the controversy reside in multiple states, including but not limited to California, Delaware, and South Dakota.

        c. The events resulting in the controversy occurred in multiple states, including but not limited to Arizona, New York and California.

    4.    The counterclaim for FDCPA, TILA, and RESPA violations and Wrongful Foreclosure are federal matters.

    5.    Pursuant to 28 U.S.C. §1445(a), removing defendants filed this Notice of Removal in the District Court of the United States for the District and Division within which the State Court action is pending.

    6.    Pursuant to 28 U.S.C, § 1446(a) were attached as Exhibits A-E, true and correct copies of all pleadings filed with the state court that are in possession of the removing defendants.

    7.    Pursuant to 28 U.S.C. § 1446(d), removing defendants promptly gave written notice of the removal to all adverse parties and filed a copy of the notice with the clerk of the Los Angeles County Superior Court.

    8.    Defendants have met and complied with all statutory requirements in this matter.

    9.    Defendants have raised genuine and triable issues of material fact. On information and belief, discovery will reveal that U. S. Bank National Association is not a real party-in-interest, because the promissory note was never timely and properly endorsed

to them, nor was the Deed of Trust timely assigned to them, pursuant to the Pooling and Servicing Agreement which governs the Trust. The Pooling and Servicing Agreement has not been produced in evidence. The copy of the promissory note and adjustable rate rider submitted by Plaintiff as Exhibit "F"[1] carries no endorsement or allonge whatsoever (See exhibits "A" and "B" attached hereto - signature pages) and completely fails to support U.S. Bank National Association's position. In fact, it works against them.

10. Consequently, in the absence of any evidence to the contrary, U. S. Bank National Association is the trustee for a Trust which does not lawfully contain Defendants' loan. U. S. Bank National Association therefore has no enforceable interest in the property.

11. As set forth above, it is clear that U. S. Bank National Association is not a bona fide creditor. They do not have a perfected security interest in the property. They claim that they purchased the property at trustee's sale on August 24, 2010 by credit bid. Only a creditor may purchase a property by credit bid. All others must pay cash pursuant to the terms of the trust deed. U. S. Bank National Association is therefore not a bona fide purchaser.

12. Defendants have never been granted their due process right to discovery and an evidentiary hearing on the merits. Plaintiff and its associated securitization entities have thus far successfully avoided and ignored Defendants discovery requests. The bankruptcy judge, who is a former banking industry attorney, chose to ignore the genuine issues raised by Defendants and the false representations made by Plaintiff.

13. There are triable issues of material fact regarding the validity of the Deed of Trust, the succession of First American LoanStar Trustee Services as trustee under the Deed of Trust, the Notice of Default, the subsequent Trustee's Sale, and the Trustee's Deed Upon Sale.

14. Further litigation is appropriate and necessary. In <u>Vella v. Hudgins</u> (1977) 20 Cal.3d. 251, 572, the Supreme Court of California declared: "[W]e are of the further opinion that section 1161a does not require a defendant to litigate, in a summary action within the statutory time constraints (§§ 1167, 1179a), a complex fraud claim involving

activities not directly related to the technical regularity of the trustee's sale. In the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, we conclude that the question of the fraudulent acquisition of title was not foreclosed by the adverse judgment in the earlier summary proceeding."

15. For the foregoing reasons, the Motion should be denied.

[1] Exhibit "F" in Plaintiff's Request for Judicial Notice in Support of Motion to Dismiss submitted on May 16, 2011 in the Related Case No. CV11-3227 GW (CWx)

Respectfully submitted June 1, 2011

_____
Andrew C. Bailey, Defendant Pro Se

_____
Constance B. Marlow, Defendant Pro Se

Copy of the foregoing mailed on June 2, 2011 to:

Eric G. Fernandez, Laurie Howell, Noah. M. Bean
TFLG a Law Corporation,
2121 2nd Street, Suite C105,
Davis, CA 95618.

Jarlath M. Curran II, Esq.,
Severenson and Werson APC,
19100 Von Karman Avenue, Suite 700,
Irvine, CA 92612.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  
ANDREW CAMERON BAILEY          -Borrower

_____ (Seal)  
                                -Borrower

_____ (Seal)  
                                -Borrower

_____ (Seal)  
                                -Borrower

_____ (Seal)  
                                -Borrower

_____ (Seal)  
                                -Borrower

_____ (Seal)  
                                -Borrower

*[Sign Original Only]*

Exhibit A

Signature page of Adjustable Rate Note Submitted as Exhibit  : Request for Judicial Notice of Motion to Dismiss Complaint CV11-3227 GW

VMP-191N (0501)          Page 5 of 5          Form 5507 5/04 (rev. 1/05)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____  _____ (Seal)
                            ANDREW CAMERON BAILEY           -Borrower

_____  _____ (Seal)
                            CONSTANCE BAXTER MARLOW         -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                 -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                 -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                 -Borrower

Exhibit B
Signature Page of Adjustable Rate Rider
Submitted as Exhibit F to Request for Judicial Notice
of Motion to Dismiss Complaint CV11-3227 GW

-6(CA) (0005)                    Page 14 of 15                    Form 3005  1/01

05 2946072