**REMAND/MADE JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| US BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW CAMERON BAILEY, et al.,,<br><br>　　　　　　　　Defendants. | No. CV 11-3770-GW(Ex)<br><br>**RULING ON MOTION TO REMAND CASE TO STATE COURT** |

<u>**U.S. Bank National Association v. Bailey**</u>, Case No. CV-11-3770
    Ruling on Motion to Remand Case to State Court

    Before the Court is the motion of Plaintiff U.S. Bank National Association, as Trustee ("Plaintiff") for an order remanding its unlawful detainer action against pro per Defendants Andrew Cameron Bailey and Constance Baxter Marlow ("Defendants") to the Superior Court for the County of Los Angeles, California. This Court concludes that, pursuant to Local Rule 7-15 of the Central District of California, the motion can be adequately resolved without oral argument. After considering the moving and opposition papers and the other materials in the Court's file, the Court grants the remand motion.

    Defendants removed this action ostensibly on the basis of federal question jurisdiction, writing:

> This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331, and hence this action may be removed to this Court by removing defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff's allegations and claims appear to arise under the following federal statutes: 28 U.S.C. § 1446; violation of RESPA 12 U.S.C. § 2605, violation of Truth in Lending Act 15 U.S.C. § 1601 et. seq., violation of Fair Debt Collection Practices Act 15, U.S.C. §§ 1692 et. seq., rescission pursuant to TILA 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

Notice of Removal ("NOR") ¶ 12 (Doc. No. 1).

    This is obviously wrong, though, because the sole cause of action in the Complaint is a claim of unlawful detainer under state law. <u>See</u> NOR, Exh. A ("Verified Complaint for Unlawful Detainer"). While "[a] complaint purporting to rest on state law. . . can be re-characterized as one 'arising under' federal law if the law governing the complaint is exclusively federal," defenses and counterclaims asserting a federal question do not satisfy this requirement. <u>Vaden v. Discover Bank</u>, 129 S.Ct. 1262, 1273 (2009). Clearly, no federal question is presented on the face of Plaintiff's Complaint.

    Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Generally, subject matter jurisdiction is based on the presence of a federal question, <u>see</u> 28 U.S.C. § 1331, or on complete diversity between the parties, <u>see</u> 28 U.S.C. § 1332. The presence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Removal statutes are strictly construed against removal, and the burden is on the defendant to demonstrate that removal was proper. <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)).

    It is noted that Defendants' NOR also makes reference to the fact that "[o]n or about April 15, 2011, removing defendants filed in the United States District Court, Central District of

California, Case No. CV-11-3227 GW (CWx) Complaint to Quiet Title to Real Property and for Injunctive Relief," in which is alleged "[a]dditional causes of action exist . . . for Fraud, TILA and RESPA violations." NOR ¶ 7. The possible presence of federal claims in that lawsuit, however, does not give rise to a basis for removal jurisdiction over this unlawful detainer action.

   Finally, Defendants in their Opposition make reference to a possible basis for jurisdiction based on complete diversity of the parties. Diversity jurisdiction arises when a dispute is between "citizens of different states" over an amount greater than $75,000. 28 U.S.C. § 1332(a). The required standard of proof regarding the amount in controversy depends on the amount claimed in plaintiff's state court complaint. See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699-700 (9th Cir. 2007). If the state court complaint claims less than $75,000, defendant must prove to "a legal certainty" that plaintiff's claim is at least $75,000. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007). Here, the title and allegations in the body of the state court complaint establish that the amount in damages is less than $10,000. Defendants have offered nothing in their NOR to suggest that the amount in controversy is greater than $10,000. Moreover, "district courts in the Ninth Circuit have consistently held that unlawful detainer actions should be litigated in state courts." Wachovia Mortg. FSB v. Atencio, 2010 U.S. Dist. LEXIS 27856 (N.D. Cal. Mar. 9, 2010) (citing HSBC Bank USA v. Bryant, 2009 U.S. Dist. LEXIS 104684 (S.D. Cal. 2009); Flower v. Wachovia Mortg. FSB, 2009 U.S. Dist. LEXIS 36299 (N.D.Cal. 2009)).

   As there does not appear to be any basis upon which the Court could exercise subject matter jurisdiction over this unlawful detainer action, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.

Dated: This 12th Day of July, 2011.

                                        _____
                                              GEORGE H. WU
                                           United States District Judge